## In re POLOK.

District Court, S. D. New York.
March 19, 1931.

The following is the order of Referee Henry K. Davis:

Under order duly made in the District Court August 19, 1930, Irving Trust Company was duly appointed receiver of the bankrupt, and September 30, 1930, was duly elected his trustee.

The bankrupt carried on a livery stable at 164 Lewis street, this city. The assets of the bankrupt were duly sold on or about September 10, 1930.

On November 18, 1930, some two months after the sale, one Watsky asserted claim to

the receiver of a wagon which was part of the bankrupt's property so sold or at least upon his premises.

January 2, 1931, Watsky brought an action in the municipal court of this city against the trustee to recover $95, the alleged value of the said wagon, and it is the motion to restrain the trial of that action that is here considered.

I have read the cases cited by the attorney for the trustee. In re Trayna & Cohen (C. C. A.) 195 F. 486; Matter of Lusch (D. C.) 251 F. 316, 317; In re Nuttall (D. C.) 201 F. 557, 559; In re Gutman (D. C.) 114 F. 1009. But these were all cases where the plaintiffs in the state courts consented to the consideration of title in the bankruptcy court and thereafter sought to raise the same questions in state court actions.

That is not the fact here. The plaintiff made no claim to his wagon until long after the receiver had passed the receiver's right, title, and interest in the wagon under the receiver's sale.

If it were for the bankruptcy court to pass upon, many reasons would appear why the plaintiff should not recover. Referring to a somewhat similar situation, Judge Noyes, in Re Kalb & Berger Mfg. Co. (C. C. A.) 165 F. 895, 896, said: "While, ordinarily, a receiver acting within his powers is not personally liable upon his contracts, yet he may so contract as to bind himself; and if he acts beyond his powers he necessarily assumes individual responsibility. The action in the Municipal Court, in so far as it was against the defendant personally, could not be stayed by the District Court. The power conferred by the bankruptcy act to determine controversies with respect to the collection and distribution of the bankrupt estate cannot be extended to confer jurisdiction to stay proceedings against officers in their individual capacities. It may be that in this case the receiver acted within the scope of his authority and was not personally liable. If so, the Municipal Court will undoubtedly decide in his favor. But the fact that the receiver might interpose a good defense to the personal action against him gave the bankruptcy court no power to enjoin the prosecution of such action."

The facts in Re Kanter & Cohen, 121 F. 984, 985 (C. C. A. 2d), point with the case at bar. The District Court denied a motion of the receiver "to restrain the prosecution of an action of trover brought against him in one of the state courts by one Steinberg." It appears that certain chattels which were supposed to be the property of the bankrupts were delivered into the possession of the receiver by the police of New York City. The court goes on to say: "Steinberg, claiming to be the owner of the chattels, brought the action to recover their value the prosecution of which the receiver sought to restrain. If the action had been in replevin, a different question would arise, but as it is we entertain no doubt that the court below properly refused the receiver's application." This case was cited with approval in Re Empire Construction & Supply Co., 166 F. 1019, 1020 (C. C. A. 2d), reversing an order granting an injunction such as is here sought, the court in a memorandum decision saying: "The principles of law governing the case at bar have been several times before this court and need not be again discussed." See, also, In re French (D. C.) 18 F.(2d) 792, for a full discussion of the questions here involved.

For these reasons the motion must be denied and the temporary stay vacated.

Please settle order on two days' notice.

Bernard A. Grossman, of New York City, for the motion.

Leo Horowitz, of New York City, opposed.

PATTERSON, District Judge.

The decision of the referee was correct. In re Kanter & Cohen (C. C. A.) 121 F. 984; In re Mertens (C. C. A.) 147 F. 177; In re Roberts (C. C. A.) 169 F. 1022. The case in the state court is an ordinary one for conversion, and there is no merit in the point that a question of cloud upon the receiver's or trustee's title is involved.

The order will therefore be affirmed.